# OFFICE OF THE CIRCUIT MEDIATOR
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| **ROBIN R. TIDWELL** | **EDWARD G. SMITH** | **JEROME (JERRY) WOODS, II** |
|---|---|---|
| CIRCUIT MEDIATOR | CHIEF CIRCUIT MEDIATOR | CIRCUIT MEDIATOR |
| LEXINGTON, SOUTH CAROLINA | N. MYRTLE BEACH, SOUTH CAROLINA | ELKRIDGE, MARYLAND |
| | (843) 491-3621 | |
| | Edward_Smith@ca4.uscourts.gov | |

October 1, 2025

Re: 25-2057, Frances Beach v. William Grady

**NOTICE OF SCHEDULED MEDIATION**
[AUDIO ZOOM LINK](#)

Dear Counsel:

A mediation conference has been scheduled in this case pursuant to Local Rule 33, attached for your reference. The conference will be conducted via an audio-only Zoom call using the provided [link](#) on **October 14, 2025 a 10:00am EASTERN**. You must provide our office with a **direct telephone number for everyone participating** in case of technical difficulties.

**The electronic recording of conferences is strictly prohibited**.

<u>This is an official proceeding of the Court</u>. The counsel listed below are considered to be the primary lawyers responsible for this case and must participate. If any of the counsel listed below do not need to participate, or if additional or different counsel is necessary or beneficial for this conference, or if this date presents an <u>unavoidable</u> conflict with a <u>previously scheduled court appearance</u>, please immediately contact OCM Program Administrator, Lucille Payne at [Lucille_Payne@ca4.uscourts.gov](mailto:Lucille_Payne@ca4.uscourts.gov), or you may call (843) 731-9099.

The conference serves several purposes: firstly, to address and resolve any procedural issues in the case to prevent unnecessary motions or delays; secondly, to identify and clarify the main issues raised in the appeal; and thirdly, to explore any potential opportunities for settlement. All counsel is expected to engage in discussions with their clients regarding settlement and attend the conference with the authority to propose and respond to settlement offers.

     For more detailed information on the mediation process of the Fourth Circuit, please **[click here](#)**.

                                                 Sincerely,

                                           Edward G. Smith
                                      Chief Circuit Mediator

Copies:   Brian Florencio Castro
             John Richard Taylor

# Rule 33. Appeal Conferences

The court may direct the attorneys - and, when appropriate, the parties - to participate in one or more conferences to address any matter that may aid in disposing of the proceedings, including simplifying the issues and discussing settlement. A judge or other person designated by the court may preside over the conference, which may be conducted in person or by telephone. Before a settlement conference, the attorneys must consult with their clients and obtain as much authority as feasible to settle the case. The court may, as a result of the conference, enter an order controlling the course of the proceedings or implementing any settlement agreement.

***Local Rule 33. Circuit Mediation Conferences***

*All civil and agency cases in which all parties are represented by counsel on appeal will be reviewed by a circuit mediator after the filing of the docketing statements required by Local Rule 3(b). The circuit mediator will determine whether a mediation conference may assist either the Court or the parties. Counsel for a party may also request a conference if counsel believes it will be of assistance to the Court or the parties. Counsel's participation is required at any scheduled conference. Mediation conferences will generally be conducted by telephone but may be conducted in person in the discretion of a circuit mediator. Mediation conferences may be adjourned from time to time by a circuit mediator. Purposes of the mediation conference include:*

  a. *Jurisdictional review;*
  b. *Simplification, clarification, and reduction of issues;*
  c. *Discussion of settlement; and*
  d. *Consideration of any other matter relating to the efficient management and disposition of the appeal.*

*Although the time allowed for filing of briefs is not automatically tolled by proceedings under this local rule, if the parties wish to pursue, or are engaged in, settlement discussions, counsel for any party may move to extend the briefing schedule. The mediator, through the Clerk of the Court, may enter orders which control the course of proceedings and, upon agreement of the parties, dispose of the case.*

*Statements and comments made during all mediation conferences, and papers or electronic information generated during the process, are not included in Court files except to the extent disclosed by orders entered under this local rule. Information disclosed in the mediation process shall be kept confidential and shall not be disclosed to the judges deciding the appeal or to any other person outside*

*the mediation program participants. Confidentiality is required of all participants in the mediation proceedings. All statements, documents, and discussions in such proceedings shall be kept confidential. The mediator, attorneys, and other participants in the mediation shall not disclose such statements, documents, or discussions without prior approval of the Standing Panel on Attorney Discipline. Any alleged violations of this rule shall be referred to the Court's Standing Panel on Attorney Discipline for a determination pursuant to Local Rule 46(g) of whether imposition of discipline is warranted. All proceedings before the Standing Panel on Attorney Discipline involving confidential information under this procedure shall be confidential.*

*Local Rule 33 adopted June 8, 1994; amended December 1, 1995, March 4, 1998, and December 11, 2001.*